## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JULIE SCHULZ HALBOWER, as Trustee of THE HALBOWER LEGACY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>HISCOX SYNDICATE 33 OF LLOYD'S OF LONDON,<br><br>Defendant. | Civil Action No: 22-cv-964 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, HISCOX SYNDICATE 33 OF LLOYD'S OF LONDON ("Hiscox" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of this action from the 51st Circuit Court for the County of Oceana, Michigan, to the United States District Court for the Western District of Michigan, Southern Division. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1332(a)(2), 1441, and 1446.

## INTRODUCTION

1. On August 17, 2022, Plaintiff JULIE SCHULZ HALBOWER, as Trustee of THE HALBOWER LEGACY TRUST ("Halbower" or "Plaintiff") filed a Complaint in the Circuit Court of Oceana County, Michigan styled *JULIE SCHULZ HALBOWER, as Trustee of THE HALBOWER LEGACY TRUST v. HISCOX SYNDICATE 33 OF LLOYD'S OF LONDON,* Case No. 22-0435-CB (the "Complaint") in the 51st Circuit Court of the State of Michigan.

2. Hiscox was served with a copy of Plaintiff's Complaint on September 15, 2022. A copy of Plaintiff's Summons and Complaint and Proof of Service are attached hereto as Exhibit A.

3. Plaintiff's Complaint is the only pleading, process, or order that has been served on Defendant in this action to date.

4. Plaintiff alleges that Hiscox sold to Halbower a Fine Art Insurance Policy bearing Policy No. B1161HIS21K22X3019 (the "Policy") with a limit of liability of up to $100 million. *See* Exhibit A, Plaintiff's Complaint, ¶ 2.

5. Plaintiff's Complaint includes two separate counts which are based on different or alternative causes of action: Breach of Contract Against Hiscox (Count I) and Declaratory Judgment Against Hiscox (Count II). Exhibit A, Plaintiff's Complaint, Count I-II.

## **JURISDICTION**

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441. It is a civil action between the plaintiff, a citizen of the State of New Hampshire, and the defendant, a citizen of the United Kingdom, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because the combined damages sought by Plaintiff regarding the underlying action exceed this sum.

7. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Hiscox was served with Plaintiff's Complaint on September 15, 2022, therefore this Notice of Removal, filed on October 14, 2022, is timely. *See* Exhibit A.

8. Venue is proper in this district under 28 U.S.C. § 1441(a) since the removed action was pending in Oceana County, Michigan, which is within the Southern Division of the United States District Court for the Western District of Michigan.

**Amount in Controversy**

9. Plaintiff seeks insurance benefits exceeding $20 million allegedly due to Plaintiff under an insurance policy, with limits of $93,561,915, together with Plaintiff's attorneys' fees and costs. *See* Exhibit A, Plaintiff's Complaint, ¶ 35. Accordingly, this action seeks damages in excess of the $75,000.00 jurisdictional minimum as a legal certainty.

**Diversity of Parties**

10. Complete diversity of citizenship exists between Plaintiff and Defendant.

11. Plaintiff alleges that the trustee of the Halbower Legacy Trust, Julie Halbower, is a citizen of the State of New Hampshire. *Id*., ¶ 9. Accordingly, Plaintiff is a citizen of New Hampshire for the purposes of the grant of jurisdiction to this Court under 28 U.S.C. § 1332.

12. It is well-established by controlling Sixth Circuit precedent that, where a defendant is a syndicate within the Lloyd's of London market of insurance companies, the "real party to the controversy test" applies with regard to determining the defendant's citizenship for purposes of diversity. Diversity of citizenship is, in turn, measured in connection with the citizenship of the plaintiff and the citizenship of the syndicate's *managing agent* – not the individual members of each syndicate. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42–44 (6th Cir. 1994). Here, Hiscox Syndicates Limited ("HSL") is the managing agent of the only syndicate on the Policy. *See* Exhibit A, Plaintiff's Complaint, ¶ 10. Therefore, HSL is the "real party to the controversy," and only HSL's citizenship is relevant to determining whether diversity of citizenship is present under 28 U.S.C.§ 1332.

13. HSL is a limited company created under the law of England and Wales. English limited companies are treated in the same manner as are corporations created under the laws of the various States of the United States for the purposes of diversity of citizenship. *See Brink's Co. v.*

*Chubb European Group Ltd.*, Civil Action No. 3:20-cv-520–HEH, 2020 WL 6829870, at *5 n.1 (E.D. Va. Nov. 20, 2020) (collecting cases).  HSL has its principal place of business in London. The Complaint alleges that Hiscox is organized and exists under the laws of England with its principal place of business in London, England.  *Id*. ¶ 10.

14.     Accordingly, because HSL – the defendant that is the real party in interest for the citizenship analysis under controlling Sixth Circuit precedent – is a citizen of a foreign state (the United Kingdom) – and the plaintiff is a citizen of the State of New Hampshire, there is diversity jurisdiction present under 28 U.S.C.§ 1332(a)(2).

## 28 U.S.C. § 1446 REQUIREMENTS

15.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the action pending in the Oceana County Court Case No. 22-0435-CB are attached as Exhibit A.

16.     Written notice of the filing of the Notice of Removal shall be served upon Plaintiff as required under 28 U.S.C § 1446(d). After the filing of the Notice of Removal, Defendant shall promptly transmit a copy of the Notice of Removal to the Clerk of the Oceana County Circuit Court as required by 28 U.S.C § 1446(d).

WHEREFORE, Defendant Hiscox respectfully requests that the above-described cause of action pending in the Circuit Court of Oceana County, Michigan, be removed therefrom to the United States District Court for the Western District of Michigan, Southern Division and that this cause proceeds in this Court as an action properly removed thereto.

Dated:  October 14, 2022

Respectfully submitted,

By: /s/*Clinton E. Cameron*
Clinton E. Cameron (P45567)
CLYDE & CO US LLP
55 West Monroe, Suite 3000
Chicago, IL 60603
Telephone: (312) 635-7000
Facsimile: (312) 635-6950
E-Mail: clinton.cameron@clydeco.us
*Attorneys for Hiscox Syndicate 33 of Lloyd's of London*