# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIE SCHULZ HALBOWER, as Trustee of
THE HALBOWER LEGACY TRUST.,

       Plaintiff/Counter-Defendant,

v.

HISCOX SYNDICATE 33 OF LLOYD'S OF
LONDON.,

       Defendant/Counter-Plaintiff.

Case No. 1:22-cv-00964

HON. ROBERT J. JONKER

---

| | |
|---|---|
| Jeffrey G. Muth (P65041) <br> Neil J. Marchand (P73118) <br> Amanda L. Rauh-Bieri (P83615) <br> MILLER JOHNSON <br> *Attorneys for Plaintiff/Counter-Defendant* <br> 45 Ottawa Ave SW, Suite 1100 <br> Grand Rapids, MI 49503 <br> (616) 831-1706 <br> muthj@millerjohnson.com <br> marchandn@millerjohnson.com <br> rauhbieria@millerjohnson.com | Clinton E. Cameron (P45567) <br> CLYDE & CO US LLP <br> *Attorneys for Defendant/Counter-Plaintiff* <br> 55 West Monroe, Suite 3000 <br> Chicago, IL 60603 <br> (312) 635-7000 <br> clinton.cameron@clydeco.us <br> alexander.ross@clydeco.us |

---

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff/Counter-Defendant Julie Schulz Halbower, as Trustee of The Halbower Legacy Trust ("Plaintiff"), through her counsel, answers Defendant/Counter-Plaintiff's Counterclaim as follows:

### NATURE OF ACTION

1.     Hiscox Syndicate 33 of Lloyd's of London ("Hiscox"), acting through its agent, Hiscox Syndicates Limited, seeks a declaration of the parties' rights and obligations pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202 with respect to a policy of

1

insurance issued to Plaintiff/Counter-Defendant and requests for coverage made by Plaintiff/Counter-Defendant under that policy.

**ANSWER:** **Plaintiff admits that Hiscox has filed counterclaims seeking a declaration of the parties' rights and obligations with respect to coverage under the Policy issued to Plaintiff by Hiscox, but denies that Hiscox is entitled to the relief it seeks. By way of further answer, Plaintiff states that the court rules and statutes speak for themselves.**

## PARTIES

2. Defendant/Counter-Plaintiff Hiscox is an unincorporated association, the managing agent of which is Hiscox Syndicates Limited, a company formed and registered in England and Wales.

**ANSWER:** **Plaintiff is without information or belief to admit or deny the allegations in paragraph 2.**

3. Plaintiff/Counter-Defendant, the Halbower Legacy Trust, is a trust organized under the state of Florida and its trustee, Julie Schulz Halbower, is a citizen of New Hampshire.

**ANSWER:** **Admitted.**

## THE HISCOX POLICY

4. Hiscox issued Private Fine Art Insurance Policy No B1161HIS21K22X3019 to Matthew and Julie Halbower and/or Halbower Legacy Trust for the policy period of February 9, 2022 to February 9, 2023 (the "Policy"). A true and accurate copy of the Policy as it was on the date of the alleged loss at issue in this matter is attached as Exhibit A.

**ANSWER:** **Plaintiff admits that Hiscox issued a Private Fine Art Insurance Policy No B1161HIS21K22X3019 to Matthew and Julie Halbower and/or Halbower Legacy Trust for**

**the policy period of February 9, 2022 to February 9, 2023. Plaintiff denies that Exhibit A to Hiscox's counterclaim is a true and accurate copy of the Policy because there are minor, non-substantive differences between the copy Plaintiff received and Exhibit A to Hiscox's counterclaim. By way of further answer, all reference to the Policy in this Answer is referencing the policy attached as Exhibit A to Plaintiff's Complaint (ECF No. 1-1).**

5. The Policy's "Schedule" states the following, in relevant part:

| | |
|---|---|
| Insurance Agent: | Pegasus Insurance Services LLC<br>9360 W Flamingo Road, Suite 100 - #266<br>Las Vegas, NV 89147<br>United States of America |
| Insured: | Matthew and Julie Halbower and/or Halbower Legacy Trust for their respective rights and interests |
| Address: | 40 Devonshire Lane, Kenilworth, IL 60043, United States of America |
| Period: | 9th February 2022 at Local Standard Time to 8th February 2023 at Local Standard Time, both days inclusive |
| Interest: | Fine Arts of whatsoever nature as defined in the attached schedule or as may be held on file by the Lloyd's Broker |
| Sum Insured: | USD 93,561,915 increasing up to USD 115,000,000 as per the New Possessions clause detailed within the policy wording |

\* \* \*

**ANSWER:** **The Policy speaks for itself. Plaintiff admits that the portion of the Policy quoted in this paragraph is identical in both versions of the policy.**

6. The Policy's "Schedule" states that the "Total sum insured USD 93,561,915 as per Heather James Fine Art valuation dated 8th June 2021."

**ANSWER:** **The Policy speaks for itself. Plaintiff admits that the portion of the Policy quoted in this paragraph is identical in both versions of the policy.**

7. Plaintiff/Counter-Defendant obtained an Art Appraisal on June 8, 2021 (the "June 8, 2021 Art Appraisal").

**ANSWER:** **Admitted only that Plaintiff obtained a June 8, 2021 Art Appraisal that covers some of the fine art in Plaintiff's collection. Denied that the June 8, 2021 Art Appraisal determines coverage under the Policy. By way of further answer, Plaintiff states that the Policy speaks for itself.**

8. The "Heather James Fine Art valuation dated 8th June 2021" to which the Policy refers is the June 8, 2021 Art Appraisal.

**ANSWER:** **Admitted only that the June 8, 2021 Art Appraisal is referred to in the Policy as "Heather James Fine Art valuation dated 8th June 2021." Denied that the June 8, 2021 Art Appraisal determines coverage under the Policy. By way of further answer, Plaintiff states that the Policy speaks for itself.**

9. The Policy contains the following relevant provisions:

**The Cover**

| | |
|---|---|
| **What is covered** | We will insure your collection anywhere in the world, unless otherwise stated in the risk details, against physical loss or damage which happens during the period of insurance, subject to the exclusions, terms and conditions shown below. |
| **Basis of Valuation** | |
| **Listed Items** | For items which are listed individually in the specification held by **us** or **your** insurance agent, the value is the amount insured shown for each item. |

**ANSWER:** **The Policy speaks for itself. Plaintiff denies any allegation or implication inconsistent with the terms of the Policy. By way of further response, the language quoted in this paragraph is not an accurate transcription of the language that appears in either**

4

version of the policy.  Additionally, under "Basis of valuation" both versions of the Policy include a valuation for "Unlisted items" that states: "For items which are not individually listed in the specification held by us or your insurance agent, the value is the market value of the item on the date of loss."

10. "Risk details" is defined under the Policy as: "The document showing **your** name, **your** address and **your** insurance details that **we** sent **you** when **we** accepted this insurance or following any subsequent amendment to **your** cover, whichever is more recent," which constitutes the "Schedule" described in Paragraph 7 of this Counterclaim.

**ANSWER:** The Policy speaks for itself.  Plaintiff admits that the portion of the Policy quoted in this paragraph is identical in both versions of the policy.  Plaintiff lacks sufficient information to either admit or deny that the "Schedule" described in paragraph 6 of Hiscox's counterclaim is the "Risk details."  By way of further answer, Plaintiff states that Hiscox "admits that there is no document or part of the policy labeled 'risk details.'"  *See* Hiscox Answer, ECF No. 12-1, PageID.110, ¶ 31.

11. The Policy defines "We", "us", and "our" as "Syndicate 33 at Lloyd's. . . ."

**ANSWER:** The Policy speaks for itself.  Plaintiff admits that the portion of the Policy quoted in this paragraph is identical in both versions of the policy.

12. The Policy defines "you" and "your" as "the insured shown in the **risk details**."

**ANSWER:** The Policy speaks for itself.  Plaintiff admits that the portion of the Policy quoted in this paragraph is identical in both versions of the policy.

13. Pegasus Insurance Services LLC is the insurance agent for the insured, Matthew and Julie Halbower and/or Halbower Legacy Trust for their respective rights and interests, in relation to the Policy.

**ANSWER:** **Admitted.**

14. Howden is the Lloyd's broker in relation to the Policy.

**ANSWER:** **Plaintiff is without information or belief to admit or deny the allegations in paragraph 14 as neither version of the policies referenced herein identifies or otherwise defines the "Lloyd's Broker."**

## CLAIM

15. On or about June 2, 2022, a fire started at Plaintiff/Counter-Defendant's residence at 6635 N Ridge Road in Pentwater, Michigan. Four artworks that were included in the June 8, 2021 Art Appraisal were destroyed in the fire: (1) the "*Path*"; (2) the "*Cliff*"; (3) the "*Castle*"; and (4) the "*Line Drawing*".

**ANSWER:** **Admitted only that on June 2, 2022 a fire destroyed Plaintiff's residence in Pentwater, Michigan, including the four artworks (the *Path*, the *Cliff*, the *Castle*, and the *Line Drawing*) listed in paragraph 15. Plaintiff denies that those are the only four artworks destroyed in the fire that are covered by the Policy. By way of further answer, Plaintiff states that the *Prairie* and the *River* (Hiscox's counterclaim refers to the *River* as "the *HH*") were also destroyed in the fire, and that the Policy provides coverage for all six artworks destroyed in the fire.**

16. Plaintiff/Counter-Defendant also reported that a painting, the "*Prairie*", was also destroyed inside the home at the time of the fire. *Prairie* was not included on the June 8, 2021 Art Appraisal.

**ANSWER:** **Admitted only that Plaintiff reported that the *Prairie* was destroyed in the June 2, 2022 fire and that *Prairie* was not included in the June 8, 2021 Art Appraisal because Plaintiff had not acquired it as of that time. Plaintiff denies that the Policy excludes coverage for *Prairie*.**

17. Plaintiff/Counter-Defendant sought coverage for all five artworks referenced in paragraphs 15 and 16, above.

**ANSWER:** **Admitted.**

18. On July 18, 2022, Hiscox issued correspondence confirming coverage for the *Path*, the *Cliff*, and the *Castle*, at the values included for those paintings on the June 8, 2021 Art Appraisal, for which Hiscox made a payment of USD 31,333,315.

**ANSWER:** **Admitted only that on July 18, 2022 Hiscox issued correspondence confirming partial coverage for the *Path*, the *Cliff*, and the *Castle* at the values listed in the June 8, 2021 Art Appraisal, for which Hiscox made a payment of USD 31,333,315. Plaintiff denies that Hiscox fully honored its obligations to Plaintiff with respect to coverage for all the artwork destroyed in the June 2, 2022 fire.**

19. Hiscox issued correspondence confirming coverage for the *Line Drawing*.

**ANSWER:** **Admitted only that Hiscox issued correspondence agreeing to pay $1,600 for the *Line Drawing*. By way of further answer, Plaintiff has yet to receive payment for the Line Drawing from Hiscox. Plaintiff further denies that Hiscox has fully honored its**

**obligations to Plaintiff with respect to coverage for all the artwork destroyed in the June 2, 2022 fire.**

20. *Prairie* was not identified in the June 8, 2021 Art Appraisal specified in the Policy, as required under the terms of the Policy. Accordingly, Hiscox denied coverage with respect to the *Prairie*.

**ANSWER:   Denied that the June 8, 2021 Art Appraisal determines coverage under the Policy and that the Policy required *Prairie* to be identified on the June 8, 2021 Art Appraisal for the Policy to provide coverage.  Plaintiff admits only that *Prairie* was not identified in the June 8, 2021 Art Appraisal and that Hiscox has wrongfully denied coverage under the Policy for *Prairie*.  Plaintiff denies any and all remaining allegations and implications contained in this paragraph, including that Hiscox's refusal to cover *Prairie* is consistent with the terms of the Policy.**

21. To date, Plaintiff/Counter-Defendant has not produced any evidence that an inventory or other document was transmitted to Howden seeking to add the *Prairie* to the Policy.

**ANSWER:   Denied.  Plaintiff states that its agent, Pegasus, on November 18, 2021 sent Howden a partial inventory of Plaintiff's artworks that included the *Prairie* and that Pegasus forwarded that same email to Hiscox after the fire.  By way of further answer, Plaintiff denies that the terms of the Policy require Plaintiff or its agent to "add the *Prairie*" to the Policy.**

22. To date, Plaintiff/Counter-Defendant has not produced any evidence that Howden maintained on file a document that included the *Prairie* as a covered artwork under the Policy.

**ANSWER:   Denied.  Plaintiff states that Pegasus, on November 18, 2021 sent Howden a partial inventory of Plaintiff's artworks that included the *Prairie* and that Pegasus**

forwarded that same email to Hiscox after the fire. By way of further answer, Plaintiff denies that the terms of the Policy require Plaintiff or its agent to "add the *Prairie*" to the Policy.

23. Matthew and Julie Halbower and/or the Plaintiff/Counter-Defendant allegedly obtained a subsequent appraisal performed on March 22, 2022 (the "March 22, 2022 Art Appraisal"), which purported to significantly increase the values of the *Path*, the *Cliff*, and the *Castle*.

**ANSWER:** Admitted only that Plaintiff obtained an art appraisal on, or about, March 22, 2022 that assessed the *Path*, the *Cliff*, and the *Castle* at a higher value. Plaintiff denies any and all remaining allegations and implications contained in this paragraph.

24. The March 22, 2022 Art Appraisal was never sent to Howden, Hiscox, or Pegasus prior to the loss. Instead, the March 22, 2022 Art Appraisal was sent to Pegasus on June 3, 2022, immediately following the loss.

**ANSWER:** Admitted.

25. Despite that the March 22, 2022 Art Appraisal was never sent to Howden, Hiscox, or Pegasus, Plaintiff/Counter-Defendant asserts that the March 22, 2022 Art Appraisal, not the June 8, 2021 Art Appraisal specified in the Policy, determines the valuation of the *Path*, the *Cliff*, and the *Castle*.

**ANSWER:** Plaintiff admits only that Plaintiff did not send the March 22, 2022 Art Appraisal to Howden or Hiscox prior to the loss. Plaintiff denies the remaining allegations contained in this paragraph. By way of further response, the Policy speaks for itself. Under "Basis of valuation" the "Listed Items" section states: "For items which are listed

**individually in the specification held by us or your insurance agent, the value is the amount insured shown for each item."**

26. On August 19, 2022, Plaintiff/Counter-Defendant indicated to Hiscox via email that an additional claim would be made under the Policy for a painting the "HH" that was allegedly destroyed in the June 2, 2022 fire, but was not included in the June 8, 2021 Art Appraisal.

**ANSWER:   Admitted that the *River/HH* was destroyed in the June 2, 2022 fire, and that Plaintiff made a claim for the loss of the *River/HH* on July 19, 2022.  Plaintiff further admits that the *River/HH* was not included in the June 8, 2021 Art Appraisal.  Plaintiff denies that the June 8, 2021 Art Appraisal determines coverage under the Policy or that the Policy required the *River/HH* to be identified on the June 8, 2021 Art Appraisal for the Policy to provide coverage.**

27. The *HH* was not on file with Pegasus, Howden, or Hiscox at the time of the loss.

**ANSWER:   Plaintiff states that Hiscox "admits that, based on its present knowledge, the Policy does not include an 'attached schedule'[]" and "admits that there is no document or part of the policy labeled 'risk details.'"  *See* Hiscox Answer, ECF No. 12-1, PageID.110, ¶ 31, PageID.111, ¶ 36.  Based on these admissions, Plaintiff admits that the *River/HH* was not "on" a file that Howden and Hiscox failed to maintain, nor was it on file with Pegasus at the time of loss.  By way of further response, the Policy speaks for itself.  Under "Basis of valuation" the 'Unlisted Items" section states:  "For items which are not individually listed in the specification held by us or your insurance agent, the value is the market value of the item on the date of loss."  Plaintiff denies any allegation and implication inconsistent with the terms of the Policy, including but not limited to the allegation that Pegasus had to have the *River/HH* "on file" for the Policy to provide coverage.**

## COUNT 1 – DECLARTORY JUDGMENT

*The Path, the Cliff, the Castle and the Line Drawing Must be Valued Pursuant to the June 8, 2021 Art Appraisal*

28. Hiscox reasserts and incorporates by reference Paragraphs 1 through 27 of its Counterclaim as if fully set forth herein.

**ANSWER: Plaintiff incorporates by reference its answers to each of the preceding paragraphs.**

29. The Policy's "Basis of Valuation" Provision provides that Listed items are valuated based on the amount shown for each artwork in the specification held by Pegasus or Howden.

**ANSWER: The Policy speaks for itself. Plaintiff denies any allegation and implication inconsistent with the terms of the Policy.**

30. The *Path*, the *Cliff*, the *Castle* and the *Line Drawing* were each identified in the June 8, 2021 Art Appraisal.

**ANSWER: Admitted only that the *Path*, the *Cliff*, the *Castle*, and the *Line Drawing* were identified in the June 8, 2021 Art Appraisal. Denied that coverage under the Policy is determined by the June 8, 2021 Art Appraisal, and further denied that valuation is determined by the June 8, 2021 Art Appraisal. By way of further answer, Plaintiff states that the Policy speaks for itself.**

31. Pegasus, Howden and Hiscox did not possess the March 22, 2022 Art Appraisal at the time of the loss.

**ANSWER: Admitted. By way of further response, Pegasus had artwork, including the *Prairie*, on its Agent Specification prior to the loss.**

32. The only document providing values for the *Path*, the *Cliff*, the *Castle* and the *Line Drawing* in the possession of Pegasus, Howden, or Hiscox at the time of the loss was the June 8, 2021 Art Appraisal.

**ANSWER:** **Denied. By way of further answer, Plaintiff denies that coverage under the Policy is determined by the June 8, 2021 Art Appraisal, and further denies that valuation is determined by the June 8, 2021 Art Appraisal. The Policy speaks for itself.**

33. The June 8, 2021 Art Appraisal dictates the proper valuation for the *Path*, the *Cliff*, the *Castle* and the *Line Drawing*.

**ANSWER:** **Denied.**

34. The June 8, 2021 Art Appraisal provides the following values:

   a. USD 15,000,000 for the *Cliff*;

   b. USD 16,000,000 for the *Path*;

   c. USD 333,315 for the *Castle*;

   d. USD 1,600 for the *Line Drawing*

**ANSWER:** **Admitted only that paragraph 34 accurately states the values listed for the *Cliff*, the *Path*, the *Castle*, and the *Line Drawing* in the June 8, 2021 Art Appraisal. Plaintiff denies that coverage under the Policy is determined by the June 8, 2021 Art Appraisal, and that valuation under the Policy is determined by the June 8, 2021 Art Appraisal. By way of further answer, the Policy speaks for itself.**

35. There is no basis under the Policy for the *Path*, the *Cliff*, the *Castle* and the *Line Drawing* to be valued based upon anything but the June 8, 2021 Art Appraisal, including the March 22, 2022 Art Appraisal or the market value of those paintings at the time of the loss.

**ANSWER:** **Denied. By way of further answer, the Policy speaks for itself.**

36. Based on the values of the Path, the Cliff, and the Castle provided in the June 8, 2021 Art Appraisal, Hiscox has made the following payments to Plaintiff:

    a.    USD 15,000,000 for the Cliff;

    b.    USD 16,000,000 for the Path;

    c.    USD 333,315 for the Castle.

**ANSWER:** **Admitted only that paragraph 36 accurately states the payments Hiscox has made to Plaintiff under the Policy. Denied that Hiscox's payment fulfilled its obligations to Plaintiff under the Policy arising out of the June 2, 2022 fire.**

37. Based on the value of the Line Drawing provided in the June 8, 2021 Art Appraisal, Hiscox has offered to make payment to Plaintiff in the amount of USD 1,600.

**ANSWER:** **Admitted only that Hiscox has offered to pay Plaintiff $1,600 for the *Line Drawing* and that $1,600 is the value of the *Line Drawing* in the June 8, 2021 Art Appraisal. Plaintiff denies that coverage under the Policy is determined by the June 8, 2021 Art Appraisal, and further denies that valuation is determined by the June 8, 2021 Art Appraisal. By way of further answer, the Policy speaks for itself.**

38. There is a bona fide dispute, and an actual controversy and disagreement exists, between Hiscox and the Plaintiff/Counter-Defendant concerning whether the *Path*, the *Cliff*, the *Castle* and the *Line Drawing* must be valued under the June 8, 2021 Art Appraisal.

**ANSWER:** **Admitted only that there is an actual controversy between Plaintiff and Hiscox regarding coverage under the Policy. The remaining allegations in paragraph 38 are denied.**

## COUNT II – DECLARATORY JUDGMENT

*Plaintiff/Counter-Defendant is Not Entitled to Coverage for the Prairie Because It Was Not on File with Howden as Required Under the Policy*

39. Hiscox reasserts and incorporates by reference Paragraphs 1 through 38 of its Counterclaim as if fully set forth in full here.

**ANSWER:** **Plaintiff incorporates by reference its answers to each of the preceding paragraphs.**

40. Plaintiff/Counter-Defendant provided notice of the loss of the *Prairie* on or about June 3, 2022 to Pegasus.

**ANSWER:** **Admitted.**

41. The Policy's "Schedule" states that the insured interest constitutes "Fine Arts of whatsoever nature as defined in the attached schedule or as may be held on file by the Lloyd's Broker."

**ANSWER:** **The Policy speaks for itself. Plaintiff denies any allegation or implication inconsistent with the terms of the Policy. By way of further response, Plaintiff states that Hiscox admitted "that, based on its present knowledge, the Policy does not include an 'attached schedule.'"** *See* **Hiscox Answer, ECF No. 12-1, PageID.111, ¶ 36.**

42. The June 8, 2021 Art Appraisal was the only document provided to Howden providing a list of artwork to be covered by the Policy.

**ANSWER:** **Denied.**

43. The *Prairie* was not specified on the June 8, 2021 Art Appraisal.

**ANSWER:** **Admitted only that the *Prairie* was not included in the June 8, 2021 Art Appraisal. Plaintiff denies that the June 8, 2021 Art Appraisal determines coverage under**

14

the Policy and that the Policy required *Prairie* to be identified on the June 8, 2021 Art Appraisal for the Policy to provide coverage.  By way of further answer, Plaintiff states that the Policy speaks for itself.

44.  Thus, the Prairie was not held on file by Howden as required under the Policy.

**ANSWER:  Denied.**

45.  The Prairie was not considered by Howden or Hiscox in determining the limit of Liability of the Policy or the applicable premium.

**ANSWER:  Plaintiff is without information or belief to admit or deny the allegations in paragraph 45.  By way of further answer, the *Prairie* was provided by Plaintiff during underwriting.  By way of further answer, Plaintiff states that the Policy speaks for itself.**

46.  Plaintiff/Counter-Defendant is not entitled to coverage under the Policy for the *Prairie*.

**ANSWER:  Denied.**

47.  There is a bona fide dispute, and an actual controversy and disagreement exists, between Hiscox and the Plaintiff/Counter-Defendant concerning whether Plaintiff/Counter-Defendant is entitled to coverage for the *Prairie*.

**ANSWER:  Admitted only that there is an actual controversy as to whether the *Prairie* is covered under the Policy.  By way of further answer, Plaintiff denies that *Prairie* is excluded from coverage under the Policy, and further states that the terms of the Policy speak for themselves.**

## COURT III – DECLARATORY JUDGMENT

*Plaintiff/Counter-Defendant is Not Entitled to Coverage for the HH Because It was Not on File with Howden as Required Under the Policy*

48. Hiscox reasserts and incorporates by reference Paragraphs 1 through 47 of its Counterclaim as if fully set forth herein.

**ANSWER: Plaintiff incorporates by reference its answers to each of the preceding paragraphs.**

49. On August 19, 2022, Plaintiff/Counter-Defendant indicated to Hiscox via email that an additional claim would be made under the Policy for the *HH* which was allegedly destroyed in the June 2, 2022 fire, but was not included in the June 8, 2021 Art Appraisal nor the March 22, 2022 Art Appraisal.

**ANSWER: Admitted only that in an August 19, 2022 email Plaintiff indicated to Hiscox that Plaintiff made a claim under the Policy for the *River/HH*, which was also destroyed in the June 2, 2022 fire. Plaintiff further admits only that the *River/HH* was not included in the June 8, 2021 Art Appraisal nor the March 22, 2022 Art Appraisal. Plaintiff denies that coverage under the Policy is determined by the June 8, 2021 Art Appraisal, denies that the Policy requires the *River/HH* to be identified on the June 8, 2021 Art Appraisal for the Policy to provide coverage, and further denies that valuation is determined by the June 8, 2021 Art Appraisal. By way of further answer, the terms of the Policy speak for themselves.**

50. No document had ever been provided to Howden or Hiscox seeking to add the *HH* to the Policy prior to the June 2, 2022 fire.

**ANSWER: Admitted only that Plaintiff did not provide documentation regarding the *River/HH* to Hiscox or Howden before the June 2, 2022 fire. Denied that the *River/HH* is**

**excluded from coverage under the Policy.  By way of further answer, Plaintiff states that the terms of the Policy speak for themselves.**

51. Pegasus, Howden, and Hiscox were never provided any document purporting to reflect that the *HH* was covered under the Policy.

**ANSWER:      Denied.  By way of further response, Howden sent Pegasus the Policy, which provides coverage for Plaintiff's "Fine Arts of whatsoever nature" located anywhere in the world.**

52. The *HH* was not held on file by Howden as required for coverage under the Policy.

**ANSWER:      Denied.**

53. The *HH* was not considered by Howden or Hiscox in determining the limit of Liability of the Policy or the applicable premium.

**ANSWER:      Plaintiff is without information or belief to admit or deny the allegations in paragraph 53.  By way of further answer, Plaintiff states that the Policy speaks for itself.**

54. Plaintiff/Counter-Defendant is not entitled to coverage under the Policy for the *HH*.

**ANSWER:      Denied.**

55. There is a bona fide dispute, and an actual controversy and disagreement exists, between Hiscox and the Plaintiff/Counter-Defendant concerning whether Plaintiff/Counter-Defendant is entitled to coverage for the *HH*.

**ANSWER:      Admitted only that there is an actual controversy between Plaintiff and Hiscox regarding coverage under the Policy.  By way of further answer, Plaintiff states that the terms of the Policy speak for themselves.**

**WHEREFORE, Plaintiff requests that Defendant's Counterclaim against it be dismissed with prejudice, that a Judgment be entered in favor of Plaintiff, that Defendant be denied any relief as sought in its prayer for relief, and that Plaintiff be awarded its costs, attorneys' fees, and such other and further relief as the Court shall find to be just.**

## AFFIRMATIVE AND OTHER DEFENSES

Plaintiff/Counter-Defendant will rely on the following affirmative and other defenses in this matter:

1. Hiscox fails to state a claim upon which relief can be granted.

2. Hiscox's claims may be barred in whole or in part by the terms of the Fine Art Policy attached at ECF No. 1-1.

3. Hiscox's claims may be barred by the doctrines of waiver and unclean hands.

4. Hiscox's claims are barred by the doctrine of estoppel in that Hiscox seeks to benefit from, *inter alia*, its own failure to attach a schedule of covered property to the Policy and to retain documents and information related to coverage.

5. Hiscox's claims are barred, in whole or in part, due to Hiscox's and its broker's spoliation of evidence.

6. Hiscox's claims are barred, in whole or in part, by Hiscox's failure to attach any schedule to the Policy.

7. Hiscox's claims fail, in whole or in part, due to ambiguities in the Policy that must be construed against Hiscox as the insurer.

8. Hiscox failed to perform all of the conditions precedent required by the Policy for Hiscox to limit coverage in the manner described in its counterclaim in that Hiscox failed to attach to the Policy any schedule or other document limiting coverage, and therefore the Policy provides

18

coverage to all of Plaintiff's fine art of whatsoever nature located anywhere in the world.

9.     Plaintiff/Counter Defendant reserves the right to assert additional affirmative and other defenses as they become known.

**WHEREFORE, Plaintiff requests that Defendant's Counterclaim against it be dismissed with prejudice, that a Judgment be entered in favor of Plaintiff, that Defendant be denied any relief as sought in its prayer for relief, and that Plaintiff be awarded its costs, attorneys' fees, and such other and further relief as the Court shall find to be just.**

MILLER JOHNSON
Attorneys for Plaintiff/Counter-Defendant

Dated:  November 25, 2022

By: /s/ Jeffrey G. Muth
Jeffrey G. Muth (P65041)
Neil J. Marchand (P73118)
Amanda L. Rauh-Bieri (P83615)
45 Ottawa Ave S.W., Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
muthjg@millerjohnson.com
marchandn@millerjohnson.com
rauhbieria@millerjohnson.com