UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIE SCHULZ HALBOWER, as Trustee of THE HALBOWER LEGACY TRUST, | Case No. 1:22-cv-00964 |
| Plaintiff/Counter-Defendant, | Hon. Robert J. Jonker |
| v. | |
| HISCOX SYNDICATE 33 OF LLOYD'S OF LONDON, | |
| Defendant/Counter-Plaintiff. | |

| | |
|---|---|
| Ronald G. DeWaard (P44117) | Clinton E. Cameron (P45567) |
| Brion B. Doyle (P67870) | Alexander Ross |
| VARNUM LLP | CLYDE & CO US LLP |
| Attorneys for Plaintiff/Counter-Defendant | Attorneys for Defendant/Counter-Plaintiff |
| Bridgewater Place, P.O. Box 352 | 55 West Monroe, Suite 300 |
| Grand Rapids, MI 49501-0352 | Chicago, IL 60603 |
| (616) 336-6000 | (312) 635-7000 |
| rgdewaard@varnumlaw.com | clinton.cameron@clydeco.us |
| bbdoyle@varnumlaw.com | alexander.ross@clydeco.us |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE WITNESS(ES) FOR FED. R. CIV. P. 30(b)(6) DEPOSITION

Plaintiff Julie Schulz Halbower, as Trustee of the Halbower Legacy Trust, hereby moves pursuant to Federal Rule of Civil Procedure 37 for an order compelling Defendant to produce its Federal Rule of Civil Procedure 30(b)(6) witness(es) for deposition and award Plaintiff its costs and fees incurred in bring this Motion. In support of this Motion, Plaintiff states as follows:

1.  As the Court will recall, Plaintiff was previously forced to file a motion to compel in an effort to obtain some of the most basic documents in this case, including the agreement between Defendant and the claimed party in interest, Hiscox Syndicates Limited ("HSL"), along with proper responses to written discovery. Plaintiff is now before the Court with another motion that it should not have had to file, which is to compel a FRCP 30(b)(6) representative deposition.

2.      Plaintiff served Defendant with a FRCP 30(b)(6) deposition notice for HSL on November 27, 2023, and a copy of the notice is attached hereto as **Exhibit A**.  The notice specified January 9 as the date for the deposition, but counsel for Plaintiff also provided alternate dates of January 10 or 16 in their cover correspondence to counsel for Defendant.  *See* **Exhibit B**.  Counsel for Plaintiff asked counsel for Defendant to confirm which of the proposed dates would work best for the deposition.  *Id*.  Counsel for Defendant did not respond to this communication.

3.      Having received no response to their inquiry, counsel for Plaintiff wrote again to counsel for Defendant one week later, on December 4, 2023, asking for confirmation on the date for the Rule 30(b)(6) deposition.  *See* **Exhibit C**.

4.      On December 6, 2023, counsel for Defendant finally responded and simply indicated that they were "working to confirm dates and will circle back soon."  *See* **Exhibit D**.

5.      On December 13, 2023, counsel for Plaintiff again contacted counsel for Defendant, noting that yet another week had passed with no confirmation on dates.  *See* **Exhibit E**.  In this correspondence, counsel for Plaintiff asked for confirmation on a date by the end of the week, noting that the ongoing delay in responding with dates was putting Plaintiff in a position where a motion to compel would be necessary, a filing that counsel for Plaintiff noted they would like to avoid.  *Id*.

6.      That same day, counsel for Plaintiff reached out separately and requested a phone conference, another communication that received no response.  *See* **Exhibit F**.

7.      Counsel for Defendant did not respond by the end of the week to confirm dates, as requested.  Rather, counsel for Defendant wrote on the evening of December 17 to indicate that they were (still) "working to get you proposed dates," which they anticipated "being able to do before the holidays."  *See* **Exhibit G.**

8. Thus, as of the date of this filing, over three weeks since the notice was served, counsel for Defendant has been unable to even respond with a proposed date for the Rule 30(b)(6) deposition. Given the other significant delays that Plaintiff has incurred in attempting to obtain discovery, the importance of the requested deposition, and the March 29, 2024 discovery deadline, Plaintiff now seeks the Court's assistance in compelling a date for the Rule 30(b)(6) deposition in January.

9. First, Plaintiff has good cause to be concerned with Defendant's delay in providing a date for the Rule 30(b)(6) deposition. The Court granted Plaintiff's previous motion to compel, entering an order on August 18, 2024, compelling the production of responsive documents and proper responses to Plaintiff's written requests. It then took Defendant <u>over two months</u> to provide the required information in compliance with the Court's Order, following multiple requests from counsel for Plaintiff.

10. Second, Plaintiff cannot afford to wait weeks longer simply to confirm a date, let alone take the deposition. The requested Rule 30(b)(6) deposition is foundational to, and will greatly inform, the balance of the discovery and depositions that Plaintiff will conduct in this case. Counsel for Defendant has represented to the Court that it is HSL, and not Defendant, who is involved in the underwriting and claims process related to the policy at issue in this case. As such, the Rule 30(b)(6) notice seeks testimony on key policy provisions, the underwriting process, the background regarding the relationship between Defendant and HSL, and the loss in this case.

11. Finally, Plaintiff cannot afford to lose another month of discovery before taking this key deposition. In the absence of this filing, Plaintiff was left with the vague assurances from defense counsel that they "anticipated" being able to provide dates in the coming weeks.

12. For the foregoing reasons, Defendant should be compelled to produce corporate representative(s) from HSL for a Rule 30(b)(6) deposition and be ordered to pay Plaintiff's reasonable costs and fees incurred in filing this motion.

                                                          Respectfully submitted,

                                                         **VARNUM LLP**
                                                         *Attorneys for Plaintiff*

Dated: December 19, 2023                    By:   */s/ Brion B. Doyle*
                                                              Ronald G. DeWaard (P44117)
                                                              Brion B. Doyle (P67870)
                                                              Bridgewater Place, P.O. Box 352
                                                             Grand Rapids, MI 49501-0352
                                                             (616) 336-6000

22145305.1